In re Gerald L. LETT, Respondent,

A Member of the Bar of the District of Columbia Court of Appeals.

No. 95–BG–238.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1995.
Decided Oct. 19, 1995.

Before FERREN, TERRY, and SCHWELB, Associate Judges.

Opinion by the court PER CURIAM.

Concurring opinion by Associate Judge SCHWELB at 986.

PER CURIAM:

Respondent Gerald L. Lett is an attorney registered to practice before the Patent and Trademark Office (PTO) as well as a member of the bar of this court. On June 9, 1987, a disciplinary complaint was filed against him with the PTO. The complaint charged respondent with forty-six counts of misconduct under the Code of Professional Responsibility governing PTO proceedings. The charges included (1) neglect of legal matters, (2) making misrepresentations to clients and the PTO, and (3) billing clients for services not rendered. Respondent negotiated a settlement agreement that resulted in a guilty plea to seven of the forty-six counts. The remaining counts either had been waived previously or were waived as part of the settlement agreement.

The PTO found clear and convincing evidence in mitigation of the charges against respondent—in particular, that respondent is an alcoholic and that his alcoholism caused his misconduct. The PTO also found clear and convincing evidence that respondent had been undergoing treatment for his alcoholism since January 1988. The settlement agreement between respondent and the PTO con-

tained the following terms: (1) respondent was excluded from practice before the PTO for five years; (2) the exclusion was stayed; and (3) respondent was placed on monitored probation for the period of exclusion. Respondent successfully completed the five year period of probation on March 29, 1994.

Bar counsel's petition charged respondent with the same violations that the PTO had charged. Respondent admitted Bar Counsel's allegations in his answer to the petition. Thus, the proceedings before the hearing committee focussed exclusively on respondent's evidence of mitigation. The hearing committee found that respondent had proved that (1) he suffered from alcoholism at the time of the misconduct, (2) the misconduct was substantially caused by the alcoholism, and (3) respondent was sufficiently rehabilitated to continue to practice law. *See In re Temple*, 629 A.2d 1203, 1209 (D.C.1993); *In re Miller*, 553 A.2d 201, 204 (D.C.1989); *In re Kersey*, 520 A.2d 321, 323 (D.C.1987). Accordingly, the committee recommended that respondent be disbarred, that the disbarment be stayed, and that probation be imposed for a one year period.

The Board on Professional Responsibility agreed that respondent had satisfied the three factors necessary to qualify for a *Kersey*-type sanction and thus adopted the hearing committee's recommendation. Neither respondent nor Bar Counsel has filed an exception to the Board's recommendation. We agree with the Board that respondent's evidence in mitigation qualifies him for a *Kersey*-type disbarment sanction. Accordingly, it is

ORDERED that respondent, Gerald L. Lett, shall be disbarred from the practice of law in the District of Columbia, that execution of disbarment shall be stayed, and that respondent is placed on unmonitored probation for one year from the effective date of this order.[1]

---

1. Respondent contended before the Board that any additional one year probationary period should run, *nunc pro tunc*, from March 29, 1994, the date on which respondent completed the probationary period imposed by the PTO. The Board concluded, however, that in view of the gravity of respondent's violations the probationary period should commence only on the effective date of this court's order in this matter. Respondent has not filed an exception to the Board's recommendation.

**986** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

SCHWELB, Associate Judge, concurring:

I join the opinion of the court because we are bound by *In re Kersey*, 520 A.2d 321 (D.C.1987). In my opinion, however, that decision merits reconsideration.